UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **BERYL D. FITZGERALD** | \* | **CIVIL ACTION NO.  15-2545** |
| **VERSUS** | \* | **JUDGE JAMES T. TRIMBLE, JR.** |
| **RICKY JOHNSON, ET AL** | \* | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a motion to compel discovery responses, deem requests for admissions admitted and request for associated attorney's fees and costs [doc. # 17] filed by defendant National Indemnity Company. The motion is unopposed. For reasons assigned below, the motion is GRANTED IN PART.[1]

### Background

On November 25, 2015, Defendant served Plaintiff Beryl D. Fitzgerald with its first set of Requests for Admissions, Interrogatories and Requests for Production of Documents. [doc. # 17-1]. Plaintiff received the discovery requests on November 25, 2015, but failed to respond. [doc. # 17-3]. On December 30, 2015, Defense counsel  sent a letter to counsel for Plaintiff scheduling a discovery conference for 9 a.m. on January 7, 2016. [doc. # 17-2]. Defense counsel called Plaintiff's counsel on January 7, 2016 at 9 a.m.; however, Defendant's counsel was informed that Plaintiff's counsel was unavailable. [doc. # 17-4]. During the telephone call, Defendant's lawyer

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

agreed to extend the deadline to respond to the discovery requests to January 22, 2015, and memorialized the telephone conversation in a letter to Plaintiff's counsel. *Id.*

On January 26, 2016, after Plaintiff still had not provided discovery responses, Defendant filed the instant motion to compel and request for associated attorney's fees and costs. [doc. # 17]. Plaintiff did not file an opposition to the motion, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 18]. Accordingly, the motion is deemed unopposed. *Id.*

## Analysis

A party seeking discovery may move for an order compelling production against another party when the latter has failed to answer an interrogatory or produce documents for inspection. *See* FED. R. CIV. P. 37(a)(3)(B). In addition, the court generally must award reasonable expenses to the prevailing party on a motion to compel. FED. R. CIV. P. 37(a)(5)(A).[2]

Considering Plaintiff's ongoing failure to provide Defendant with discovery responses, the court finds that the motion to compel should be granted. The court further finds that an award of $250 is warranted and appropriate to ameliorate the reasonable expenses and fees incurred by defendants in prosecuting the instant motion.

Additionally, Defendant "requests this Court order that the request for admissions be deemed admitted." [doc. # 17]. Federal Rule of Civil Procedure 36 provides that,

> [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be . . . ordered by the court.

Fed. R. Civ. P. 36(a)(3).

Rule 36's mandate is self-executing; in other words, a failure to answer or object to a

---

[2] Although this rule recognizes exceptions, they are not present here.

request for admission within thirty days—or within the time ordered by the court—constitutes an automatic admission and a court order deeming the request admitted is unnecessary. *See Giovanni v. Cain*, 2014 WL 2084895, at *2 (M.D. La. May 19, 2014) (citing cases).

Here, as noted above, Plaintiff did not meet the December 25, 2015, deadline for responding to the requests, or any of the extended deadlines. At that point, Defendant's requests were deemed admitted as a matter of law.

### Conclusion

For the above-assigned reasons,

**IT IS ORDERED** that the motion to compel discovery [doc. # 17] is hereby **GRANTED IN PART**. Within the next seven (7) days from the date of this order, plaintiff Beryl D. Fitzgerald, shall respond fully and completely to defendants' interrogatories and requests for production of documents.

**IT IS FURTHER ORDERED** that within 14 days from the date of this order, plaintiff Beryl D. Fitzgerald or her counsel, shall remit the single sum of $250 to defendants, National Indemnity Company (the moving defendants), via their counsel, and file proof of said payment in the record of these proceedings within 7 days thereafter.

**IT IS FURTHER ORDERED** that National Indemnity Company's motion to deem certain facts admitted [doc. # 17] is **DENIED** as redundant.

In Chambers, at Monroe, Louisiana, this 25th day of February 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE